UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN D. SMITH,

    Petitioner,                                   Civil Action No. 04-CV-40256-FL

v.                                             HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICTJUDGE

ANDREW JACKSON,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Steven D. Smith, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(e); armed robbery, M.C.L.A. 750.529; felon in possession of a firearm, M.C.L.A. 750.224f; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition is **DISMISSED WITH PREJUDICE.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Washtenaw County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Smith,* 243 Mich. App. 657; 625 N.W. 2d 46 (2000); *remanded,* 465 Mich. 931; 639 N.W. 2d 255 (2001); *after rem.* 249 Mich. App. 728; 643 N.W. 2d 607 (2002); *lv. den.,* 469 Mich. 882; 668 N.W. 2d 909 (2003).

On August 23, 2004, petitioner filed an application for a writ of habeas corpus

1

with this Court. Petitioner has failed to specify the claims that he wishes to raise in his petition, referring instead to the memorandum of facts that he has attached to his petition. Petitioner likewise does not raise any substantive claims in his memorandum of facts. Petitioner only states that he has exhausted all of his state court remedies and refers to "Petitioner's Counsel Filed Delayed Application for Leave to Appeal." Petitioner, however, has failed to attach a copy of this brief to his habeas application.

On March 21, 2005, respondent filed an answer to the petition. Respondent indicates that it was "difficult to discern" what claims were being raised by petitioner in his habeas application. Respondent assumed that petitioner was attempting to raise the same three claims that he raised before the state courts:

> I. Petitioner was denied due process by the introduction of other acts evidence under M.R.E. 404(b).
>
> II. Petitioner was denied his right to confrontation by the admission at trial of the hearsay statements of his wife, Wendy Smith.
>
> III. Petitioner was denied due process by the failure of the trial court to read a limiting instruction regarding the use of 404(b) evidence until the close of trial.

Respondent has argued that if these are the claims being raised by petitioner, then they must be denied as being without merit. Respondent further indicates that if petitioner is attempting to raise additional claims in his petition, then the petition must be dismissed on exhaustion grounds.

## II.  Discussion

The petition for writ of habeas corpus must be dismissed, because petitioner has failed to specify the claims that he is wishes to raise in his petition, nor has he alleged

2

any facts which show that he is being detained in violation of the federal constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)(internal citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994) (*citing to* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *see also Smith v. Stegall,* 141 F. Supp. 2d 779, 784 (E.D. Mich. 2001).

Petitioner does not indicate in his petition the claims he wishes to raise nor makes any arguments that would state a claim for habeas relief. Petitioner only makes a vague reference to his state court appellate court brief, but has failed to attach that brief to his petition. Petitioner does not indicate in the body of his habeas petition itself the claims that he wishes to raise. The petition for writ of habeas corpus, and not briefs or other documents, provides the basis for granting a writ of habeas corpus. *See Scott v. Hopkins,* 82 F. Supp. 2d 1039, 1050 (D. Neb. 1999). A habeas petitioner's general reference to the transcripts, case records, and briefs on appeal from state court "patently fails to comply with Rule 2(c)"of the Rules Governing § 2254 Cases. *See Adams v. Armontrout,* 897 F. 2d 332, 333 (8th Cir. 1990). A federal district court is not required to review an issue merely because it was raised before the state appellate court, where the habeas petitioner fails to list it as a ground for habeas relief or to argue the issue in any supporting memorandum that is attached to the habeas petition. *See*

3

*Toro v. Fairman,* 940 F. 2d 1065, 1066-67 (7th Cir. 1991).

Moreover, assuming that petitioner wishes to raise the claims that he presented before the state courts, petitioner has failed to offer any arguments or reasons why his current conviction is unlawful or a violation of the Federal Constitution. Conclusory allegations in a habeas petition do not provide a basis for habeas relief. *Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002). A mere "boiler-plate assertion" that a petitioner's conviction contains some unspecified flaw does not equate to a valid claim that a federal district court should research and consider. *See Gardner v. Norris*, 949 F. Supp. 1359, 1368 (E.D. Ark. 1996). A district court judge is not required to construct a habeas petitioner's arguments for him. *See Small v. Endicott,* 998 F. 2d 411, 417-18 (7th Cir. 1993). The Court is therefore not required "to divine" the issues that petitioner is attempting to raise in his petition. *Id.* at 418.

Assuming that petitioner is attempting to raise the three claims that he raised in the state courts, he would not be entitled to habeas relief on these claims. Petitioner's first and third claims involve the alleged improper use of "other acts" evidence under 404(b) and the trial court's failure to give a limiting instruction on the use of such evidence until the close of the case. The admission of this "other acts" evidence against petitioner at his state trial and the alleged failure to issue a proper limiting instruction as to such evidence does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Thomas v. Warren,* 398 F. Supp. 2d 850, 864 (E.D. Mich. 2005).

Regarding the Confrontation Clause claim, the Michigan Court of Appeals found on remand from the Michigan Supreme Court that the admission of petitioner's wife's out-of-court statements to the police was harmless error, in light of the convincing nature of the evidence that was properly admitted at trial. *People v. Smith,* 249 Mich. App. at 732-33.

A Confrontation Clause error is subject to harmless error analysis. *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986); *Alder v. Burt,* 240 F. Supp. 2d 651, 676 (E.D. Mich. 2003). The standard for showing harmless error on collateral review is "considerably less favorable" to a habeas petitioner than the standard which is applied on direct review. On direct review, before a federal constitutional error can be held harmless, the court must be able to declare that the error was harmless beyond a reasonable doubt. However, the harmless error test for collateral review is different. A federal court can grant habeas relief only if the trial error had a substantial and injurious effect or influence upon the jury's verdict. *Ford v. Curtis,* 277 F. 3d 806, 809 (6th Cir. 2002)(*quoting Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)). Under this standard, a habeas petitioner is not entitled to habeas relief unless he can establish that the trial error resulted in "actual prejudice." *Id.* Thus, a federal habeas court, in reviewing a state appellate court's harmless error determination, can grant habeas relief only if a habeas petitioner carries the burden of showing that a Confrontation Clause error had a substantial and injurious effect or influence on the jury's verdict. *Bulls v. Jones,* 274 F. 3d 329, 335 (6th Cir. 2001); *Alder,* 240 F. Supp. 2d at 676.

In this case, any error in the admission of petitioner's wife's hearsay statements to the police was harmless, because the information contained in it was brought before

5

the jury through other admissible forms of evidence. *See Hill v. Brigano,* 199 F. 3d 833, 847 (6th Cir. 1999). In addition, in light of the compelling evidence against petitioner in this case, the Michigan Court of Appeals' determination that the admission of these statements was harmless error was not unreasonable.

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing § 2254 cases.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a MOTION for a COA within **THIRTY (30) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F. 3d 900, 903 (6th Cir. 2002)("*We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.*")(emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **TWENTY (20) DAYS** of service of Petitioner's motion for a COA.

Dated:   April 12 ,2006              s/Paul V. Gadola
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 12, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                  Brad H. Beaver                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                    Steven Smith                    .

                                                                    s/Ruth A. Brissaud
                                                                    Ruth A. Brissaud, Case Manager
                                                                    (810) 341-7845